NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0189n.06

No. 22-1830

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JOSEPHINE CHINELO MACFADYEN,

    Plaintiff-Appellant,

v.

SECRETARY, DEPARTMENT OF HOMELAND SECURITY; ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and DETROIT DISTRICT OFFICE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Apr 24, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: MOORE, CLAY, and MATHIS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Josephine Chinelo Macfadyen appeals the district court's grant of the defendants' motion for summary judgment on her claim under the Administrative Procedure Act ("APA") that the denial by the U.S. Citizenship and Immigration Services ("USCIS") of the Form I-130, petition for alien relative, filed on her behalf by her deceased husband, David King, was arbitrary, capricious, or an abuse of discretion. Macfadyen asks us to remand her case to the district court with instructions to compel USCIS to reopen the I-130 petition and adjudicate it as an I-360 widow's petition in light of her spouse's death. For the reasons that follow, we **REVERSE** the district court's judgment and **REMAND** with instructions

to remand the matter to USCIS to reopen King's I-130 petition for further consideration consistent with this opinion.

## I. BACKGROUND

Macfadyen is a Nigerian citizen who was admitted to the United States in October 2001 with her three-year-old son on a B-2 visitor's visa. R. 1 (Compl. ¶ 7) (Page ID #4); Administrative Record (A.R.) at 258 (Pet. for Alien Relative at 7). Removal proceedings were commenced against Macfadyen in January 2003. A.R. at 40 (USCIS Decision at 2). Macfadyen applied for asylum and withholding of removal, both of which were denied by an immigration judge, and in February 2006, she was ordered removed to Nigeria. *Id.* Two years later, the Board of Immigration Appeals ("BIA") dismissed her appeal. *Id.* Macfadyen was paroled under a supervision order that required her to report periodically to the U.S. Immigration and Customs Enforcement ("ICE"). R. 1 (Compl. ¶ 8) (Page ID #4). In 2013, her son was granted deferred action under the Deferred Action for Childhood Arrivals ("DACA") program. *Id.*

Prior to entering the United States, Macfadyen had been married to Richard Ian Macfadyen, a New Zealand citizen who conducted business in Sierra Leone and was abducted by rebel forces. A.R. at 163 (Response to Notice of Intent to Deny ("NOID") at 2). Macfadyen arrived in the United States from Guinea, to which she had fled with her infant son following her husband's abduction. *Id.* After the abduction, Macfadyen never heard from her husband again. *Id.* In 2014, Macfadyen initiated divorce proceedings in Nigeria to terminate formally her marriage to Richard Macfadyen, who she presumed was dead. *Id.* According to Macfadyen, the Nigerian court conditionally dissolved the marriage on March 5, 2014, and the divorce became final on June 6, 2014. R. 1 (Compl. ¶ 9) (Page ID #4); A.R. at 181–83 (Certified Divorce Decree).

Macfadyen subsequently married David King, a U.S. citizen, in Detroit, Michigan, in October 2017. R. 1 (Compl. ¶ 9) (Page ID #5); A.R. at 240 (Marriage License). During her regular reporting appointment with ICE in December 2017, Macfadyen informed ICE that she had married King. A.R. at 164 (Response to NOID at 3). The ICE officer told Macfadyen that she would have to depart the United States in January 2018. *Id.* Later that month, King filed a Form I-130, petition for alien relative, with USCIS on Macfadyen's behalf, seeking to establish her eligibility to apply for certain immigration benefits on the basis of her status as the spouse of a U.S. citizen. *Id.*; A.R. at 252–63 (Pet. for Alien Relative at 1–12). Macfadyen also sought a stay of removal from ICE to allow USCIS to consider the petition filed by King on her behalf. R. 1 (ICE Letter) (Page ID #19). ICE denied Macfadyen's application for a stay of removal on January 25, 2018, and Macfadyen voluntarily departed the United States on January 30, 2018. *Id.*; A.R. at 164 (Response to NOID at 3).

On May 13, 2019, USCIS sent King a Notice of Intent to Deny letter, stating that King had "failed to establish [Macfadyen] is free to marry" and that King had not met his "burden of proof in demonstrating the bona fide nature of [his] marriage to [Macfadyen] by clear and convincing evidence." A.R. at 224 (NOID at 2). USCIS granted King thirty-three days to rebut the claims and present additional evidence. *Id.* In response, King submitted two copies of Macfadyen's divorce decrees: one copy certified by the Nigerian high court in Onitsha that had granted the divorce, and one copy certified by a Nigerian court in Enugu, where Macfadyen resided following her departure from the United States. A.R. at 45–51 (Certified Divorce Decrees); Appellant Br. at 7. The copy certified by the Onitsha court bore validation stamps from the court and also included a certification of validity prepared by the court, on court letterhead, and bearing a validation stamp

3

and signature. A.R. at 45–47 (Certified Divorce Decrees). The copy certified by the Enugu court bore validation stamps from the court, but the court had also stamped a cover letter prepared by King's attorney. *Id.* at 49–51. King also submitted other evidence relating to the bona fide nature of their marriage. A.R. at 165 (Response to NOID at 5).

USCIS denied King's I-130 petition on July 12, 2019. A.R. at 39 (USCIS Decision at 1). Although USCIS found that "[t]he evidence submitted in support of the bona fide nature of [King and Macfadyen's] marriage is sufficient and this is no longer at issue," USCIS maintained that Macfadyen was not free to marry King when they were married in Detroit. *Id.* at 41 (USCIS Decision at 3). USCIS explained that:

> When a divorce is granted by a High Court in Nigeria, a temporary order is issued called a Decree Nisi. There is a three month period allowed in the event of reconciliation, then the divorce decree will automatically finalize and a Decree Absolute is issued. Instead of a Decree Nisi, you have a Certificate of Decree Absolute as your initial document. The finalizing document you submitted, dated three months later, is titled Certificate of Decree Nisi having Become Absolute.

*Id.* USCIS found that the copies of Macfadyen's divorce decrees certified by the Enugu court were insufficient to dispel these concerns:

> [King] submitted copies of the same divorce documents stamped as a true copy on May 31, 2019 by the High Court in Enugu State. . . . However, [King] also submitted a copy of [his] attorney's cover letter, describing the divorce documents and referencing [Macfadyen's] A# and Form I-130. This cover letter is also stamped as a true copy on May 31, 2019 by the High Court in Enugu State. This eliminates any credibility of the Enugu State stamps, as a valid authentication could not take place by the court of a document recently drafted by [his] attorney and not at all a document of the court.

*Id.* Thus, USCIS concluded that there was insufficient evidence "to establish that [Macfadyen's] prior marriage to Richard Macfadyen was properly terminated, dissolved, or annulled," and that

Macfadyen was therefore "not legally free to marry" King. *Id.* USCIS, however, did not address the certified court judgment issued by the Onitsha court, which had issued the divorce decree.

King appealed the denial of the I-130 petition to the BIA. A.R. at 19 (Notice of Appeal to BIA). King subsequently filed a petition for a writ of mandamus in the United States District Court for the Eastern District of Michigan in November 2019, alleging that USCIS "had failed to 'promptly' forward [his] I-130 petition to the BIA." *King v. McAleenan*, No. 19-13454, 2020 WL 3412277, at *1 (E.D. Mich. June 22, 2020). The district court dismissed King's claims, finding that his Mandamus Act claim was moot because USCIS had later forwarded his petition to the BIA and that the denial of his I-130 petition was unreviewable while his BIA appeal remained pending. *Id.* at *3. On September 15, 2020, the BIA dismissed King's appeal, concluding that King "did not meet his burden of establishing that [Macfadyen] was properly divorced and free to marry him." A.R. at 3 (BIA Decision at 2). King then filed a petition for review of the BIA decision in this court, which we dismissed for lack of jurisdiction. *King v. Garland*, No. 20-4059, 2021 U.S. App. LEXIS 18191, at *1 (6th Cir. June 17, 2021). While his petition for review was pending in this court, King died. *Id.*

Macfadyen then filed a complaint in the United States District Court for the Eastern District of Michigan, alleging that the denial by USCIS of King's I-130 petition was arbitrary, capricious, or an abuse of discretion. R. 1 (Compl. ¶ 21–22) (Page ID #11). Macfadyen sought declaratory relief that she is King's immediate relative and an order compelling USCIS to reopen the I-130 petition and adjudicate it as an I-360 widow's petition. R. 1 (Compl. ¶ 24) (Page ID #12). The parties cross-moved for summary judgment, and the district court granted the defendants' motion, finding that "the evidence does not compel a conclusion other than the one reached by the agency."

R. 31 (Op. & Order at 8) (Page ID #304). Macfadyen now timely appeals. R. 33 (Notice of Appeal) (Page ID #306).

## II. ANALYSIS

### A. Denial of Form I-130, Petition for Alien Relative

"We review de novo a district court's decision to uphold a final agency action on summary judgment." *Hosseini v. Nielsen*, 911 F.3d 366, 371 (6th Cir. 2018). Agency actions, however, must be reviewed deferentially, and we "may not set aside or hold unlawful an agency action unless that action is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006) (citing 5 U.S.C. § 706(2)(A)). "An agency decision is arbitrary and capricious if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision." *Id.* "[W]e may not supply a reasoned basis for the agency's action that the agency itself has not given." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

USCIS failed to examine relevant evidence in reaching its decision to deny King's I-130 petition. Although USCIS explained why the copies of Macfadyen's divorce decree certified by the Enugu court did not suffice to dispel its concerns regarding the authenticity of Macfadyen's divorce documents, USCIS failed to consider the copies of Macfadyen's divorce decree certified by the Onitsha court and failed to articulate a reason as to why those documents could not demonstrate the validity of her divorce. *See* A.R. at 39–42 (USCIS Decision at 1–4). The copies certified by the Onitsha court were the most important piece of evidence that King submitted as to the authenticity of Macfadyen's divorce documents: the divorce had been issued by the Onitsha court, and thus its authentication of the documents is particularly strong evidence that Macfadyen's

divorce was legitimate. The certified copies also came with a certification issued by the Onitsha court on its own letterhead and signed and stamped by the court registrar, authenticating the validity of Macfadyen's divorce decrees. A.R. at 45 (Certification of Decrees).

The reasons given by USCIS for disregarding the copies of Macfadyen's divorce decrees certified by the Enugu court do not apply to the copies certified by the Onitsha court: the administrative record bears no trace of any documents stamped by the Onitsha court that were not issued by that court. Because we cannot "supply a reasoned basis for the agency's action that the agency itself has not given," we must conclude that USCIS "has failed to supply the requisite 'reasoned analysis'" in reaching its decision to deny King's petition. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43, 57. USCIS should have considered the copies of Macfadyen's divorce decrees certified by the Onitsha court in adjudicating King's I-130 petition. Failing to do so was arbitrary or capricious and violated the APA.

## B. Conversion of King's I-130 Petition to an I-360 Widow's Petition

Macfadyen asks us to remand her case to the district court with instructions to compel USCIS to reopen King's I-130 petition and adjudicate it as an I-360 widow's petition in light of King's death. The appellees argue that Macfadyen is not entitled to this relief because King's I-130 petition is not eligible for conversion to an I-360 petition. Appellees Br. at 22–23. The text of the relevant federal regulation provides that:

> If the petitioner dies *before the petition is approved*, but, on the date of the petitioner's death, the beneficiary satisfies the requirements of paragraph (b)(1) of this section, then the petition shall be adjudicated as if it had been filed as a Form I–360, Petition for Amerasian, Widow(er) or Special Immigrant under paragraph (b) of this section.

8 C.F.R. § 204.2(i)(1)(iv) (2007) (emphasis added).

The appellees argue that King's I-130 petition cannot be converted to an I-360 widow's petition because King died after USCIS had denied his petition, and not while the petition was pending. Appellees Br. at 22–23. The appellees' argument incorrectly assumes, however, that "before the petition is approved" is synonymous with "pending." It is not. It is undisputed that the appropriate remedy for agency error under the APA (such as we found above in Part II.A) is to remand to the agency for reconsideration, which in this case would require the district court to remand to USCIS to reopen King's I-130 petition. At that juncture, under the plain text of the regulation, King died before the approval of the reopened petition. USCIS must then determine if Macfadyen "satisfies the requirements of" 8 C.F.R. § 204.2(b)(1), and if so, King's I-130 petition "*shall* be adjudicated as if it had been filed as a Form I–360." 8 C.F.R. § 204.2(i)(1)(iv) (emphasis added).

The sole support that the appellees provide for their contention comes from a single line in an Eleventh Circuit opinion characterizing 8 C.F.R. § 204.2(i)(1)(iv) as allowing the conversion of "pending I-130 beneficiary-petitions to I-360 self-petitions upon the death of the citizen spouse." *Williams v. Sec'y, U.S. Dep't of Homeland Sec.*, 741 F.3d 1228, 1235 (11th Cir. 2014). That opinion, however, did not interpret § 204.2(i)(1)(iv), but instead merely determined that the provision was not owed deference in that case because a separate statutory provision applied to that noncitizen's particular factual circumstances. *Id.* at 1236. And another circuit's characterization of a regulation cannot override the regulation's plain text, which does not use the word "pending."

Our interpretation, moreover, is consistent with our sibling circuits' interpretation of the general regulatory framework. The Ninth Circuit has concluded, for example, based on "the

language, structure, purpose and application of the statute, that Congress clearly intended an alien widow whose citizen spouse has filed the necessary forms *to be* and *to remain* an immediate relative (spouse)." *Freeman v. Gonzales*, 444 F.3d 1031, 1039 (9th Cir. 2006). In *Freeman*, the Ninth Circuit held that a noncitizen's status "as a qualified spouse should not turn on" when USCIS adjudicates the I-130 petition filed on their behalf. *Id.* at 1043. A noncitizen's status likewise should not turn on when USCIS wrongfully denies the I-130 petition filed on their behalf. Thus, upon reopening, King's I-130 petition must be converted to an I-360 petition as long as Macfadyen meets the requirements of 8 C.F.R. § 204.2(b)(1).

### III. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** to the district court with instructions to remand the matter to USCIS to reopen King's I-130 petition for further consideration consistent with this opinion.